**Jessel WILLIAMS, a minor, by Cornelia Williams, his mother and next friend, et al., Plaintiffs,**

**v.**

**Ray PAGE, Superintendent of Public Instruction, et al., Defendants.**

**No. 69 C 1297.**

United States District Court,
N. D. Illinois, E. D.

Feb. 27, 1970.

Michael F. Lefkow, Community Legal Counsel, Chicago, Ill., Thaddeus B. Eubanks, Legal Aid Bureau, Chicago, Ill., for plaintiffs.

Edward V. Hanrahan, State's Atty. of Cook County, Chicago, Ill., for David L. Daniel.

James W. Coffey, John J. Dillon and James E. Riley, Asst. Attys. Gen., Chicago, Ill., for J. F. Redmond, and another.

William J. Scott, Atty. Gen., Walter K. Pyle, Asst. Atty. Gen., for Ray Page and Harold O. Swank.

## MEMORANDUM OPINION AND ORDER

NAPOLI, District Judge.

This action is before the court on defendants' motion to dismiss. Plaintiffs are a group of indigent high school and elementary school students who sue on their own behalf and on behalf of all others similarly situated. The members of the class are children or adults in families receiving grants under the Illinois Aid to Families with Dependent Children Program who are graduating from elementary schools, upper grade centers, and high schools. Defendants include the State Superintendent of Public Instruction, various Chicago school officials, the Illinois Director of Public Aid, and the Cook County Director of Public Aid.

The essence of the complaint charges the defendants with violating the plaintiffs' Fourteenth Amendment rights by maintaining a scheme whereby exercise of a protected constitutional right is made extremely onerous for the poor and relatively easy for the wealthy. Specifically it is claimed that school sponsored or sanctioned social events or other graduation activities are not available to the plaintiffs on equal terms because they are indigent. An example of the type of fees and activities that are in question can be seen from the schedule for the June, 1969 graduation from DuSable High School:

| | |
|---|---|
| Graduation Exercise | $ .50 |
| Dinner Dance | 18.00 |
| Announcements | 1.40 |
| Yearbook | 7.50 |
| Cap and Gown | 3.75 |
| Class Gift | .75 |
| Class Ribbon | .65 |
| Contingency Fund | .50 |
| | $33.00 |

Basically, the relief sought is payment for these extra graduation activities by either the schools or the Department of Public Aid. Further plaintiffs demand restitution for fees already paid and damages for being excluded from graduation activities.

Two other facts should be noted before proceeding with a discussion of the legal issues raised by this suit. First, the Department of Public Aid provides up to $8.25 for the rental of caps and gowns. Second, all of the plaintiffs have, as of this date, graduated and have received their respective diplomas of graduation.

■ Jurisdiction is based on 28 U.S.C. § 1343(3)(4) and the statute which has allegedly been violated by the defendants is 42 U.S.C. § 1983. Declaratory judgment is sought under 28 U.S.C. §§ 2201 and 2202 and a three judge court is requested under 28 U.S.C. §§ 2281, 2282 and 2284.[1]

The nub of the claim under 42 U.S.C. § 1983 and under the Declaratory Judgment Act is that one of the plaintiffs' protected rights, privileges or immunities is being transgressed by certain public officials. The defendants argue that the specific claim asserted by the plaintiffs, the right to the extra items and activities attendant to graduation, is not guaranteed by either the federal Constitution or by federal law. Accordingly, the defendants submit that this action should be dismissed for failure to state a claim upon which relief may be granted. The court finds this position to be well taken.

■ The equal protection of the law does not deny a state the right to make classifications in law where such classifications are rooted in reason. Griffin v. Illinois, 351 U.S. 12, 21, 76 S. Ct. 585, 100 L.Ed. 891 (1955). Given this general pronouncement of the scope of the equal protection clause it can be seen that the classification inherent in making the rich and the poor pay the same fees for graduation activities is

---

1. Because of the court's finding that there is no substantial constitutional issue presented in this case it is not necessary to convene a three judge court. Rose v. Brenner, No. 17753 (7th Cir. Feb. 4, 1970 (per curiam).

not unreasonable on its face for the state need not equalize economic conditions. Plaintiffs are correct, however, in observing that where the classification imposed by the state tends to deny the individuals, thus set apart, a protected right then even a classification arguably rooted in reason is often set aside. Thus in Harper v. Virginia Bd. of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966), the discrimination against the poor inherent in requiring that a poll tax of $1.50 be paid before the franchise could be exercised was held to violate equal protection because "the right to vote is too precious, too fundamental to be so burdened or contained." Harper v. Virginia Bd. of Elections, *supra*, at 670, 86 S.Ct. at 1083. Similarly in Griffin v. Illinois, *supra*, the discrimination against the poor inherent in requiring payment for a transcript in a criminal trial in order to exercise the right to appellate review was held to violate equal protection because the right to stand before the bar of justice was fundamental, citing Leviticus C 19 v 15 and the Magna Charta.

The thrust of the plaintiffs' argument is dependent on the claim that the rights asserted in this case fit within the following pronouncement in Brown v. Board of Education, 347 U.S. 483, 74 S. Ct. 686, 98 L.Ed. 873 (1954)

> In these days, it is doubtful that any child may reasonably be expected to succeed in life if he is denied the opportunity of an education. *Such an opportunity, where the State has undertaken to provide it, is a right which must be made available to all on equal terms*. (emphasis added)

■ The instant case is distinguishable from *Brown supra* on two grounds. First, in this case the plaintiffs are not being denied the opportunity of an education on equal terms (everyone pays the same fee), rather they are potentially being deprived of free access to extra graduation activities. Second, in *Brown* the classification on the basis of race was repugnant because of separation by color and was without any basis in reason on its face. In the instant case the classification is a function of the disparity of wealth in our society and not the deliberate attempt of a state to set one group apart. Thus it is not unreasonable on its face. As can be seen in the *Griffin* and *Harper* cases, only when the most fundamental rights are impinged upon will the court overturn an otherwise reasonable and equitable procedure which because of the disparity of wealth works a hardship on the poor. The right to a class ribbon or to the school yearbook is not one of our most fundamental rights.

It is possible that a child, from a family whose subsistence depends on public aid may not be able to attend the school sponsored graduation dinner dance because of his or her poverty. This situation must evoke genuine sadness and concern in every socially conscious citizen, but every social malady is not remedied by attempting to invoke the finite guarantees of the federal constitution.

■ Viewed properly, this complaint must fall, for a scheme which may inadvertently discriminate against poor students as to their right to attend extra graduation activities does not violate the federal Constitution. This court, without a showing of conflict with the federal Constitution or federal law, may not interfere with state activities. Accordingly, this cause is dismissed for failure to state a claim upon which relief may be granted.